United States District Court
Eastern District of New York

_____

| | |
|---|---|
| **Gino Castignoli and John A. Brunetti, as trustees on their own behalf and on behalf of the other trustees of Cement Masons Local 780 Trust Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund, Labor Management Trust Fund and other Funds, and** | Civil Action |
| **Gino Castignoli, as Financial Secretary of Cement Masons Local 780** | No. 15-CV-5655 |
| Plaintiffs | |
| v. | |
| **Darcon Construction, Inc.** | |
| Defendants | |

_____

**Complaint**
_____

The plaintiffs, Gino Castignoli and John A. Brunetti, as trustees on their own behalf and on behalf of the other trustees of Cement Masons Local 780 Trust Fund, Pension Fund, Annuity Fund, Vacation Fund, Apprenticeship Fund, Labor Management Trust Fund and other Funds (collectively "Funds"), and Gino Castignoli, as Financial Secretary of Cement Masons Local 780 ("Union"), by their attorneys, Markowitz & Richman, complaining of the defendant, Darcon Construction, Inc. ("Darcon"), allege as follows:

**Nature of Action**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185. The action is brought on behalf of the Funds, which are employee benefit funds, by the Funds' Trustees including Gino Castignoli and John Brunetti in their capacity as fiduciaries of the Funds, and by Gino Castignoli on behalf of the Union in his capacity as its Financial Secretary.

2. This action seeks damages and equitable relief under ERISA and for breach of contract to secure performance by an employer of statutory and contractual obligations to pay benefit fund contributions, to submit contribution reports to the Funds, and to submit Union dues in accordance with a collective bargaining agreement with the Union.

**Jurisdiction and Venue**

3. This court has jurisdiction over this matter pursuant to Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and 28 U.S.C. § 1391(b).

**Parties**

5. The Funds are jointly-administered, multi-employer, labor-management trust funds established and maintained in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. §

186(c)(5). The Funds are multi-employer benefit plans within the meaning of Sections 3(1), 3(2), 3(3), 3(37), and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3), 1002(37) and 1132(d)(1).

6. The Funds receive and administer contributions from various employers/contractors, including Darcon, who are obligated to make contributions to the Funds by virtue of their having agreed to be bound by collective bargaining agreements with the Union.

7. The Funds' office is located at 76 South Central Avenue, Suite 1-C, Valley Stream, NY 11580.

8. Gino Castignoli ("Castignoli") is a trustee of the Funds and is a fiduciary of the Funds within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Castignoli's office is located at 76 South Central Avenue, Suite 1-C, Valley Stream, NY 11580.

9. John A. Brunetti ("Brunetti") is a trustee of the Funds and is a fiduciary of the Funds within the meaning of Sections 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132. Brunetti's office is located at 76 South Central Avenue, Suite 1-C, Valley Stream, NY 11580.

10. Castignoli is the Financial Secretary of the Union, which is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185 and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union's offices are located at 150-50 14th Road, Whitestone, New York, 11357.

11. Darcon is a New York corporation with a principal place of business located at 360 Meachman Avenue, Elmont, New York, 11003. Darcon is an employer within the meaning of

Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and is engaged in an industry affecting commerce within the meaning of Sections 101 and 301 of the LMRA, 29 U.S.C. §§ 152 and 185. Darcon is a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

**Count One**

**Breach of Collective Bargaining Agreement**

12. Paragraphs 1 through 11 of this Complaint are re-alleged as if fully set forth herein.

13. Darcon has agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with the Union. (A copy of the Agreement is attached hereto as Exhibit A.)

14. The Agreement requires Darcon to make timely contributions to the Funds for each of its employees covered by the Agreement. (Exhibit A, Article VI, Section 2.)

15. The Agreement requires Darcon to deduct union dues from employees' pay and to submit the deductions to the Funds. (Exhibit A, Article VII.)

16. Interest at the rate of 10% per year plus liquidated damages of 20% of the amount owing are assessed on late payments of contributions and union dues. (Exhibit A, Article VI, Section 3(h).)

17. The Agreement also imposes reasonable audit and accounting expenses, witness costs, attorneys' fees, and Court costs in the event of unpaid contributions. (Exhibit A, Article VI, Section 3(h).)

18. At all times relevant to this complaint, Darcon employed individuals whose wages, hours, and terms and conditions of employment were governed by the Agreement.

19. The Funds' auditors examined Darcon's books and records for two audit periods: (a)

the period from September 1, 2012 to March 31, 2013 ("First Audit Period"); and (b) the period from April 1, 2013 to December 31, 2014 ("Second Audit Period").

20. Notwithstanding its obligations under the Agreement, the Funds' auditors determined that Darcon has breached the Agreement by failing to make the required timely contributions to the Funds and to the Union.

21. The amount of contributions and union dues owed to the Funds and the Union by Darcon for the First Audit Period is as follows:

```
$  3,981.60 (Welfare Fund)
   2,732.75 (Pension Fund)
      28.47 (Apprentice Fund)
      90.92 (I.A.P.)
     662.53 (Union Dues)
   1,988.87 (Vacation Fund)
   3,267.50 (Annuity Fund)
      28.46 (Labor Management Fund)
$ 12,781.10
```

22. The amount of contributions and union dues owed to the Funds and the Union by Darcon for the Second Audit Period is as follows:

```
$24,522.40 (Welfare Fund)
 17,696.15 (Pension Fund)
    381.49 (Apprentice Fund)
    499.57 (I.A.P.)
  3,865.36 (Union Dues)
 10,925.78 (Vacation Fund)
 17,949.78 (Annuity Fund)
    156.39 (Labor Management Fund)
$75,996.92
```

23. The amount of interest owed by Darcon for the two audit periods is $10,113.48, and is continuing to accrue.

24. The amount of liquidated damages owed by Darcon for the two audit periods is

5

$17,755.60.

25. The amount of administrative charges owed by Darcon for the two audit periods is $9,377.81.

26. In addition, Darcon is responsible for the Funds' litigation costs and attorneys' fees in connection with this action. Those amounts are not yet known.

27. As of September 1, 2015, the total amount owed by Darcon to the Funds is $126,024.91, plus the amounts that continue to accrue and to be determined in the future.

**Count Two**

**Violation of ERISA**

28. Paragraphs 1 through 27 of this Complaint are re-alleged as if fully set forth herein.

29. Section 515 of ERISA, 29 U.S.C. § 1145, requires that every employer, who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement, shall do so in accordance with such plan or agreement.

30. Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that the court, in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (a); (d) reasonable

attorney's fees and costs of the action; and (e) such other legal or equitable relief as the court deems appropriate.

31. Darcon's failure to make timely contributions to the Funds constitutes a violation of ERISA.

WHEREFORE, the plaintiffs pray that this Court grant the following relief:

(a) judgment in favor of the plaintiffs in the amount of **$126,024.91**, including unpaid contributions, unpaid union dues, interest, and liquidated damages, plus any additional amounts, including interest, that become due after the filing of this lawsuit;

(b) The reasonable costs, auditor's fees, and attorneys' fees incurred by the plaintiffs in connection with this action;

(c) an Order directing Darcon to provide access to its books and records to the Funds' auditors in order that a determination of the total amount owed may be made;

(d) an Order directing Darcon to make future contributions in a timely fashion and in accordance with the Agreement and ERISA; and

(e) such other legal, equitable, and remedial relief this court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| September 30, 2015 | /s/  R. Matthew Pettigrew, Jr. |
| Date | Stephen C. Richman (SR-1798) |
| | R. Matthew Pettigrew, Jr. (RP-9788) |
| | Suite 2020 |
| | 123 South Broad Street |
| | Philadelphia, PA  19109 |
| | 215-875-3132 |

Attorneys for Plaintiffs

7